IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DAVID LEE WAGGONER et al.,

        Plaintiffs,

v.

SCOTT MARSH et al.,

        Defendants.

Case No. 25-CV-254-JFH-SH

**OPINION AND ORDER**

Before the Court is the Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"), filed by pro se Plaintiffs David Lee Waggoner and Gina Annette Waggoner ("Plaintiffs"). Dkt. No. 3. Plaintiffs claim that they, and others[1] are victims of "a 117-year racketeering enterprise" perpetrated by Defendants, who imposed "illegal taxes, tolls, and property seizures in violation of *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020), the Indian Gaming Regulatory Act (25 U.S.C. § 2701 et seq.), and the Supremacy Clause (U.S. Const. Art. VI, Cl. 2)." Dkt. No. 3 at 2. Plaintiffs argue that "immediate judicial intervention is critical to prevent further destruction of homes, heritage, and communities across the Cherokee, Muscogee (Creek), Choctaw, Chickasaw, Seminole, and Osage Nation reservations." *Id.*

Plaintiffs' request for injunctive relief is governed by Rule 65 of the Federal Rules of Civil Procedure. Pursuant to Rule 65(a), "[t]he court may issue a preliminary injunction only on notice to the adverse party." Similarly, Rule 65(b) prohibits the entry of a temporary restraining order without notice to the adverse party unless "specific facts in an affidavit or a verified complaint

---

[1] Although Plaintiffs refer to this case as a "class action lawsuit" and purport to represent similarly situated plaintiffs [Dkt. No. 2 at 1, 5], they have made no attempts to seek class certification or to comply with Federal Rule of Civil Procedure 23, which governs class actions.

clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65.

Emergency injunctive relief "is an extraordinary remedy," appropriate only when the procedural safeguards of Fed. R. Civ. P. 65 are "scrupulously honored." *Honeycutt v. Mitchell*, 2008 WL 4694226, at *1 (W.D. Okla. Oct. 23, 2008) (internal citations and footnotes omitted). Plaintiffs have failed to meet this standard. There is no indication that the Complaint and Motion have been served on any named defendant. Further, Plaintiffs have not submitted a verified complaint, affidavit, or other certified writing to show that they will suffer irreparable injury if injunctive relief is not granted before Defendants can be heard. Thus, Plaintiffs have neither provided notice to the adverse parties nor demonstrated why notice should not be required. Plaintiffs' pro se status does not obviate the need for compliance with Rule 65, as pro se plaintiffs are held to the same rules of procedure which apply to other litigants. *Goldwyn v. Donahoe*, 562 F. App'x 655, 658 (10th Cir. 2014) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)); *see also United States v. Foster*, 4 F. App'x 605, 607 (10th Cir. 2001) ("[T]he Federal Rules of Civil Procedure apply equally to pro se and counseled litigants.").

Because Plaintiffs have not met the requirements for emergency injunctive relief as set forth in Rule 65, the Court will deny their Motion at this time. *See Ezell v. Cole*, No. CIV-23-608-D, 2024 WL 5286391, at *1 (W.D. Okla. Dec. 12, 2024) (recognizing that failure to comply with Rule 65 is grounds to deny a pro se plaintiff's motion for emergency injunctive relief); *Bowlds v. Turn Key Health*, 2020 WL 1474196, at *1 (W.D. Okla. Mar. 26, 2020) (denying the pro se plaintiff's motion for temporary restraining order for failure to comply with Rule 65(b)(1)); *Honeycutt*, 2008 WL 4694226, at *1 (W.D. Okla. Oct. 23, 2008) (same).

IT IS THEREFORE ORDERED that Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction [Dkt. No. 3] is DENIED.

Dated this 22nd day of May 2025.

*（signature）*
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE