IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DAVID LEE WAGGONER et al.,

        Plaintiffs,

v.

SCOTT MARSH et al.,

        Defendants.

Case No. 25-CV-254-JFH-SH

## OPINION AND ORDER

Before the Court is the motion to recuse, filed by pro se Plaintiffs David Lee Waggoner and Gina Annette Waggoner ("Plaintiffs"). Dkt. No. 22. For the reasons set forth, the Motion is DENIED.

## BACKGROUND

On May 21, 2025, Plaintiffs filed a civil complaint against: (1) the Rogers County Government and numerous Rogers County officials (the "County Defendants"); (2) the Oklahoma Turnpike Authority and its Executive Director (the "Turnpike Defendants"); and (3) the Claremore Daily Progress newspaper and its Editor and Publisher (the "Newspaper Defendants"). The Court understands Plaintiffs to argue that under the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020):[1] (1) Rogers County is without jurisdiction to levy or collect ad valorem property tax in Indian country; (2) the Claremore Daily Progress has damaged Rogers County citizens' reputations by publishing tax delinquency notices and other notices of state and county

---

[1] In *McGirt*, the Court held that large portions of eastern Oklahoma were part of the Creek Nation and, under the Major Crimes Act, subject to exclusive federal jurisdiction for crimes committed by Indians on those lands. *See* 140 S. Ct. 2452, 2459–82 (2020).

court actions (where the county and state have no jurisdiction); and (3) the Oklahoma Turnpike Authority has illegally collected tolls on turnpikes crossing Indian country. Dkt. No. 2 at 18-21.

Plaintiffs identify this as a "class action lawsuit," seeking various forms of relief, including injunctive relief and monetary damages, on behalf of themselves and others. *Id.* at 2, 5, 32-34. Plaintiffs define the "class" to include, "All persons or entities who, since July 9, 2020, have owned property, traveled, conducted commerce, resided, or been subjected to state court actions within the boundaries of the Cherokee, Muscogee (Creek), Choctaw, Chickasaw, Seminole, or Osage Nation reservations, and have been subjected to state or county taxation, liens, tolls, foreclosures, defamation, state court judgments, harassment, or civil enforcement by Oklahoma official agency, or subdivision." *Id.* at 5.

Contemporaneously with their complaint, Plaintiffs filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("first TRO Motion"), seeking various forms of relief. Dkt. No. 3. The Court denied Plaintiffs' first TRO Motion because Plaintiffs did not comply with Federal Rule of Civil Procedure 65, which required them to either provide Defendants notice of the motion or demonstrate why notice should not be required. Dkt. No. 7 at 2. On May 30, 2025, Plaintiffs filed a Motion for Temporary Restraining Order ("second TRO Motion"), seeking to enjoin Defendants from "enforcing ad valorum taxes" or conducting a "sheriff's sale" of real estate for delinquent property taxes ("Delinquent Property Tax Sale") on June 9, 2025.[2] Dkt. No. 10 at 8. They also filed a motion for preliminary injunction ("first Motion

---

[2] Plaintiffs initially referenced a June 10, 2025, "Sheriff's Sale" in Rogers County. Dkt. No. 3 at 3-5, 7-8; Dkt. No. 10 at 1-4, 8. However, in a Notice of Erratum, filed June 2, 2025, Plaintiffs state that the sale at issue is scheduled for June 9, 2025, not June 10, 2025. Dkt. No. 11. This is consistent with the notice of sale attached as an exhibit to Plaintiffs' complaint. *See* Dkt. No. 2-1 at 113 (giving notice of the resale of real estate for delinquent taxes in Rogers County on the second Monday in June 2025).

for Preliminary Injunction") seeking to prevent the use of "public funds" to finance certain County Defendants' "personal defenses." Dkt. No. 12.

On June 5, 2025, the Court entered an Order denying the second TRO motion because Plaintiffs, as pro se parties, could not represent the interests of third parties and failed to demonstrate that they would suffer irreparable harm absent the relief requested. *See* Dkt. No. 15 at 4-5 (noting that Plaintiffs' property was not targeted for the Delinquent Property Tax Sale and they had otherwise failed to show that any harm they would suffer from the enforcement of ad valorum taxes would be irreparable). The Court also denied Plaintiffs' first Motion for Preliminary Injunction because Plaintiffs failed to demonstrate irreparable harm. *See id.* at 5-6.

The same day, Plaintiffs filed a motion to amend their complaint, seeking to add a third pro se plaintiff, whose property was targeted for the Delinquent Property Tax Sale. Dkt. No. 17. Apparently assuming that their motion to amend cured the defects in their previously filed TRO motions, Plaintiffs also filed: (1) a motion to reconsider the denial of the first and second TRO motions ("Motion to Reconsider") [Dkt. No. 18]; (2) a "revised" motion for preliminary injunction seeking to enjoin certain County Defendants from using "public funds" to finance their "personal capacity defenses" ("second Motion for Preliminary Injunction") [Dkt. No. 19]; and (3) a motion to enjoin "all state and county court proceedings involving taxation, foreclosures, sheriff's sales, or enforcement actions within Cherokee Nations' Indian Country" ("third Motion for Preliminary Injunction") [Dkt. No. 20]. For the reasons set forth in its June 5, 2025 Order, the Court denied the Motion to Amend, the Motion to Reconsider, and the second and third Motions for Preliminary Injunction. Dkt. No. 21.

On June 9, 2025, Plaintiffs filed the instant motion to recuse. Dkt. No. 22. Response briefs were due June 30, 2025. *See* LCvR 7-1(e) (requiring that response briefs be filed within twenty-

3

one days from the date the motion was filed). However, none were filed, and the motion is now ripe for ruling.

## DISCUSSION

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988) (internal quotation marks omitted). The standard is completely objective, and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). Recusal must not be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986). "There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citations omitted). "A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Id.* (citations omitted).

Here, Plaintiffs make a number of allegations regarding the propriety of the Court's prior rulings denying preliminary injunctive relief. Dkt. No. 22 at 1-10. Plaintiffs' arguments distill down to the following: (1) Plaintiffs disagree with the Court's Orders denying preliminary injunctive relief because they believe the Court erroneously rejected their jurisdictional argument under *McGirt*, and that the Court erred in finding that they failed to demonstrate irreparable harm

sufficient to meet the standard for preliminary injunctive relief; and (2) Plaintiffs infer bias from the timing of the Court's rulings.

With regard to the Court's prior rulings, to the extent Plaintiffs assert that the Court "willfully disregards *McGirt* . . . and 16 other authorities, permitting Rogers County's illegal tax scheme in Cherokee Nation lands," [*Id.* at 2; *see also id.* at 5-7] the Court notes that it has not, in fact, made any rulings on the merits of Plaintiff's jurisdictional argument. Rather, its prior rulings denying preliminary injunctive relief were based on: (1) Plaintiffs' failure to adhere to proper procedure [Dkt. No. 7 at 2-3; Dkt. No. 15 at 4-6; Dkt. No. 21]; and (2) Plaintiffs' failure to demonstrate irreparable harm, as required to obtain preliminary injunctive relief [Dkt. No. 15 at 5-6; Dkt. No. 21]. The Court understands that Plaintiffs do not agree with the Court's rulings, however, "[a]dverse rulings alone do not demonstrate judicial bias" and do not constitute grounds for recusal. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010); *see also Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) ("[A]dverse rulings 'cannot in themselves form the appropriate grounds for disqualification.' " (quoting *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992))).

With regard to the timing of the Court's rulings, the Court notes that it has broad discretion to manage its docket. *See Strege v. Comm'r, SSA*, No. 21-1311, 2022 WL 500543, at *1 (10th Cir. Feb. 18, 2022). This is especially true in light of the overburdened state of its docket.[3] To the extent that Plaintiffs infer bias from the fact that the Court has ruled more quickly on some motions than others [Dkt. No. 22 at 1-3, 5, 9], they have not provided any factual support for such an inference.

---

[3] *See Ligons v. Experian*, No. 24-CV-45-JFH-MTS, 2024 WL 1262470, at *3 (N.D. Okla. Mar. 25, 2024) (describing the current state of the Northern District of Oklahoma case filings).

5

## CONCLUSION

Plaintiffs have failed to set forth any factual or legal basis upon which the Court's impartiality can be reasonably questioned.

IT IS THEREFORE ORDERED that Plaintiffs' motion to recuse [Dkt. No. 22] is DENIED.

Dated this 1st day of July 2025.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE